# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* E.C., D.C., and G.S.-1

No. 17-1053 (Mingo County 16-JA-65, 66, and 67)

**FILED**

**April 13, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.C., by counsel Jim Pajarillo, appeals the Circuit Court of Mingo County's October 25, 2017, order terminating her parental rights to E.C., D.C., and G.S.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without a proper adjudication.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court vacates the circuit court's October 25, 2017, dispositional order because of its failure to properly adjudicate petitioner as required by West Virginia Code § 49-4-601. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

On September 30, 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that G.S.-1 was born prematurely and tested positive at birth for benzodiazepines and marijuana. On October 17, 2016, the circuit court held a preliminary hearing which petitioner waived. Petitioner was granted a pre-adjudicatory improvement period and an adjudicatory hearing was scheduled. On November 16, 2016, the circuit court held a hearing that was referred to as an adjudicatory hearing. However, according to the record, no evidence was presented and no findings regarding adjudication were made. On March 15, 2017, the guardian brought to the circuit court's attention that "this case got a little bit off track" and that petitioner had not yet been adjudicated as an abusing parent. Nevertheless, hearings were continued several times until,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and his father share the same initials, the child will be referred to as G.S.-1 in this memorandum decision.

1

ultimately, the circuit court held a dispositional hearing on August 30, 2017, at which petitioner's parental rights as to all the children were terminated. According to the record, the first time the DHHR presented any testimonial evidence was at the dispositional hearing. It is from the October 25, 2017, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because the DHHR failed to present evidence in support of adjudication and the circuit court never properly adjudicated her of abuse and/or neglect. The record shows, however, that petitioner did not object to this issue below, thus requiring the application of a plain error analysis.[3] "The 'plain error' doctrine grants appellate courts, in the interest of justice, the authority to notice error to which no objection has been made." *State v. Miller*, 194 W.Va. 3, 18, 459 S.E.2d 114, 129 (1995). To satisfy the "plain error" standard to allow appellate review of unpreserved errors, the appellate court must find: "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id*. at 7, 459 S.E.2d at 118. We find that this case meets these elements.

This Court has previously held that

> "[i]n a child abuse and neglect hearing, before a court can begin to make any of the dispositional alternatives under [West Virginia Code § 49-4-604] it

---

[2]Both fathers' parental rights were also terminated. According to the DHHR and the guardian, the children are currently placed in foster homes and the permanency plan is adoption therein.

[3]On appeal, petitioner failed to phrase her assignment of error "in such a fashion to alert the Court to the fact that plain error is asserted" per Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure. However, under that rule, this Court has the discretion and jurisdiction to review this issue under the plain error doctrine.

must hold a hearing under [West Virginia Code § 49-4-601] and determine 'whether such child is abused or neglected.' *Such finding is a prerequisite to further continuation of the case*."

Syl. Pt. 1, *State v. T.C.*, 172 W.Va. 47, 303 S.E.2d 685 (1983)(emphasis added). Here, it is apparent that an adjudicatory hearing was scheduled, but it was continued several times, until, ultimately, the circuit court proceeded to disposition without ever holding the hearing or taking evidence pertaining to adjudication. Upon a review of the record, it is clear that the DHHR presented no evidence to meet its burden of proof for establishing abuse and/or neglect and no such findings based upon the conditions existing at the time of the filing of the petition were made by the circuit court as required by West Virginia Code § 49-4-601.[4]

On appeal, the DHHR acknowledges that the record does not show that petitioner was adjudicated as an abusing parent, and further acknowledges that she must be adjudicated in order for her parental rights to be properly terminated. The DHHR argues that because the circuit court did not adjudicate petitioner as an abusing parent, the matter should be remanded to the circuit court for an adjudicatory hearing. Likewise, the guardian admits that "there were some procedural issues in this matter" and that any adjudication of petitioner, if the circuit court had ruled on the issue, would have been a mistake because there was no evidence to support it. As such, we find that the circuit court's failure to adjudicate petitioner constitutes a plain error that affected petitioner's substantial rights and seriously affected the fairness, integrity, and public reputation of the proceedings. Simply put, the DHHR must be required to satisfy its burden of proof in all child abuse and neglect proceedings and parents must be afforded the right to meet such evidence.

We have held that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W.Va. 621, 624, 558 S.E.2d 620, 623 (2001).

For the foregoing reasons, we vacate the circuit court's October 25, 2017, dispositional order and remand the matter, with instructions for the circuit court to forthwith hold an

---

[4]West Virginia Code § 49-4-601(i) provides, in part, that

> [a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent, all of which shall be incorporated into the order of the court. The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

adjudicatory hearing in regard to petitioner, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code.[5] The circuit court is further directed to conclude the matter by entry of a final order within sixty days of the issuance of the Court's mandate. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**:  April 13, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[5]Further, based on the representations of respondents and the record on appeal, the Court finds that the children's current temporary placement is appropriate and in their best interests at this time. Accordingly, we instruct the circuit court to maintain this temporary placement until such time as the circuit court is tasked with determining an appropriate permanent placement for the children pursuant to West Virginia Code § 49-4-604(b) and the applicable Rules of Procedure for Child Abuse and Neglect Proceedings.